# *In re* Private Road in Redstone Township.

1. Condemnation of private property for a private road can be justified only on the plea of strict necessity. The owner of the land, over which it is proposed to lay the road, must have personal notice of the time and place of the meeting of the viewers, and also of the time and place fixed for the assessment of damages.

2. Boyer's Road, 1 Wright, 257; Neeld's Road, 1 Barr, 353, followed.

February 2d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

CERTIORARI to the Court of Quarter Sessions of the Peace, of *Fayette county:* Of January Term, 1886, No. 194.

The record showed the following:

April 29th, 1884, on petition of W. R. Sweitzer *et al.*, for a private road, the court appointed viewers to view the proposed road and report on the same.

June 2d, 1884, viewers reported in favor of the road.

June 7th, 1884, James West, through whose lands the road laid out passed, petitioned the court for a review which prayer was granted and viewers appointed.

December 6th, 1884, re-viewers reported against the road.

February 9th, 1885, W. R. Sweitzer *et al.* petitioned the court for a re-review which prayer was granted.

June 1st, 1885, a majority of the re-reviewers reported in favor of the road, and assessed the damage that James West would sustain by reason of the opening of said private road at $25.

The report did not show that any notice had been given to James West of the time and place of the meeting of the re-reviewers, nor of the time and place fixed by them for the assessment of damages.

James West filed exceptions to this report, *inter alia*, that

the report did not show any notice to him of the time and place of meeting, and of the time and place fixed for the assessment of damages.

October 3d, 1885, the court, INGHRAM, P. J., dismissed the exceptions and confirmed the report. James West thereupon took this writ, assigning for error the order of the court dismissing his exceptions and confirming the said report.

*Edward Campbell*, for plaintiff in error.

*W. G. Guiler*, for defendants in error.

Mr. Justice GORDON delivered the opinion of the court, February 15th, 1886.

The report of the re-reviewers in the case before us, is defective, and fatally so, in two particulars : it does not appear in the report itself, or on any other part of the record, that the owner of the land over which the proposed road is intend d to pass, had personal notice of the time and place of the meeting of the viewers, nor does it in like manner appear that he had notice of the time and place fixed for the assessment of damages.   In the recent case of the private road in Plumcreek township, we endeavored to point out the distinction between private and public roads ; that as to the latter there is a taking of private property for private use ; that a condemnation of this kind can be justified only on the plea of strict necessity, and that personal notice to the owner of the land, over which it is proposed to lay the road, is an imperative requisite without which such taking cannot be permitted. So, in like manner, must he have the opportunity of being heard on the assessment of damages, and it is not sufficient to state in the report that application was made to him for a release thereof.   The case above referred to follows, and adopts the doctrine as found in the cases of Boyer's Road, 1 Wright, 257, and Neeld's Road, 1 Barr, 353.

The decree of the Quarter Sessions confirming the report of the re-reviewers is reversed and set aside, together with all proceedings connected with the re-review.