Little Appeal.

Argued November 17, 1955.  Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN,
JJ.

556

William L. Jacob, with him William L. Jacob, Jr. and Gaylord W. Greenlee, for appellant.

Robert L. Zeman, with him Adolph L. Zeman, Richard DiSalle and Zeman & Zeman, for appellees.

Opinion by Ross, J., January 17, 1956:

Eliza J. C. Little petitioned the Court of Quarter Sessions of Washington County, under the Act of June 13, 1836, P. L. 551, sec. 11, as amended, 36 PS §2731, requesting that a board of viewers be appointed to determine the necessity for a private road from a portion of her land over the adjoining land of the McGranns to give her direct access to roads which they had laid out on their property running to Highway Route 19. After dismissing jurisdictional objections of the McGranns, the court appointed the viewers who inspected the premises in company with the parties, held a hearing and then filed their report finding that the new road was not necessary and recommending that it not be appropriated for appellant's use. It is from the order of the court dismissing her exceptions to this report that appellant appeals.

It appears that the appellant is the owner of 238 acres of land which on its southeast line abuts the land

of appellees. Appellees have developed their land by dividing it into plans of lots and have laid out streets which lead six-tenths of a mile to Route 19. Appellant's land is separated from the streets by a row of building lots in appellee's plan, and it is over one of these lots that appellant desires access to the streets and highway. There is no claim by appellant that her property is landlocked and without access to any road, for there is a private road leading from her house to a state road which in turn leads, within one mile, to Route 19. Her contention, however, and the purpose in her petitioning for this private road is that the 25 acre portion adjoining appellees' land can suitably be developed into building lots if she has this road for direct access to the highway. Without direct access, it would be necessary for her to construct a longer roadway over her own land in order to reach the road which now gives her passage to Route 19. The Board, in the course of the hearing, refused to hear any testimony on the proposed development of the 25 acres on the basis that it was only the present situation which governed; and that such proposed subdivision and consequent commercial improvement of appellant's land was not within the contemplation of the Act when it required that the road be "necessary." The lower court felt that it was without power to substitute its judgment on the question of necessity and since the report appeared regular on its face, sustained the findings and dismissed the exceptions. Appellant here asserts that because this evidence was excluded she was not afforded a fair hearing; that the Board had no authority to determine as a matter of law that the proposed road was not within the contemplation of the Act; and finally that the proposed road for the proposed development of her land is in law within the contemplation of the Act.

Appellate review of these matters is solely to ascertain the validity of the court's jurisdiction, the regularity of the proceedings, questions of law, and whether there has been an abuse of discretion. We cannot look beyond the record (the record here contains no testimony) or consider questions of fact. *In re Private Road of Rearick,* 7 Pa. Superior Ct. 548, 552; *West Pikeland Township Private Road,* 38 Pa. Superior Ct. 466, 467; *Keller's Private Road,* 154 Pa. 547, 548, 25 A. 814. Cf. *In re: Private Road in West Providence Twp.,* 101 Pa. Superior Ct. 9. Since the Board specifically found that the existing road of appellant is sufficient and convenient for the *present* use of her land (and appellant does not question this finding) but concluded as a matter of law that it could not appropriate appellees' land for the *contemplated* subdivision and commercial enhancement of the 25 acre portion, the issue here becomes simply whether this is a proper interpretation of the law. Cf. *In re: Public Road in Roaring Brook Twp.,* 72 Pa. Superior Ct. 447, 450. If it is, then there was no error in refusing to hear appellant's evidence on the proposed development. That the Board had the power to interpret the law must be recognized. The Act provides for this Board to determine the necessity of the road, Sections 2, 11, 12 of the Act, 36 PS §1785, 2731, 2732, and ordinarily this is a factual matter to be determined by actually viewing the premises and if necessary, by holding hearings. To determine what in fact is necessary the Board naturally has to know as a matter of law what the Act requires, and in this sense, the Board must interpret the law. We think the interpretation given by it in this case is correct.

This legislation, allowing the appropriation of private property for private use is at the very least in the nature of eminent domain legislation and must therefore be strictly construed. Statutory Construction Act,

Act of May 28, 1937, P. L. 1019, Art. IV, sec. 58, 46 PS §558 (4), *Lance's Appeal,* 55 Pa. 16, 26. The word necessity, the key to this entire Act must likewise be given a strict interpretation.

While the Act does not require an absolute necessity, such as being completely landlocked, the mere inconvenience in the use of an existing road is not enough. *Pocopson Road,* 16 Pa. 15, 17. The existing road must be of limited privilege, *Stewart's Private Road,* 38 Pa. Superior Ct. 339, 342, or "extremely difficult and burdensome" in its use, *Brecknock Twp. Road,* 2 Woodward's Decision 437 (1874), to warrant the appropriation of another more convenient course. In short, the Act is said to require the "strictest necessity." *In re Road in Plumcreek Twp.,* 110 Pa. 544, 548, 1 A. 431; *In re Private Road in Redstone Twp.,* 112 Pa. 183, 184, 5 A. 383. It seems so basic as to require no extended discussion that the necessity be a present one. Contemplated necessities, grounded as they are in but a present opinion of what the future will require, are the weakest kind of material upon which to build a determination that would compel the taking of one man's land for the use of another and, admittedly, the present roadway which gives to appellant access to Route 19 is adequate for the present use and enjoyment of her land. She frankly admits that she does not want to go to the expense of laying out her subdivision until assured of this road over appellees' land. However, this does not supply the strict necessity required by the Act and would not justify the viewers in ordering appellees to give up their land *now* to provide access for a *contemplated* use of the land by appellant.

*Stewart's Private Road,* 38 Pa. Superior Ct. 339, cited and heavily relied upon by appellant does not cure the basic defect of her case. There, on the basis of an *existing* necessity, this Court held that a private

road could be condemned over another's land to gain access to one part of the petitioner's land which was separated from his house. The only other available road was by virtue of an extremely limited privilege and not sufficient for permanent use. In the instant case, the portion of appellant's land which she proposed to develop has for over 55 years had adequate access over her existing road. What in essence the appellant is seeking here is an advisory determination by the viewers that she will have a cheap, easy and direct access to her contemplated development before she goes to the trouble of expending any money on it. While this may be desirable from an investment standpoint, it reckons without consideration of appellees' right to have their property taken only where the strict necessity is determined on the basis of existing conditions. Such an advisory opinion is outside the contemplation of the Act as well as being contrary to our system of jurisprudence. Cf. *Schoenbrun v. Nettrour,* 360 Pa. 474, 61 A. 2d 868, wherein it is stated at page 476 "Organically, courts are not instituted to render advisory opinions either by way of a declaratory judgment or otherwise: [citing cases]".

Order affirmed.