### In re Pine Road

*David N. Bressler*, for petitioner.
*Elizabeth Read, James Willhite* and *Richard T. Abell*, for respondents.

432

SALUS, *J.,* November 27, 1990 — This is an appeal from our order dated September 28, 1990 and our order dated October 17, 1990 denying, upon reconsideration, appellant's petition for appointment of a Board of View.

Appellant, Daniel Tabas, is the owner of a 44-acre parcel of land located in Lower Moreland Township. The property is presently undeveloped but the appellant plans to use the property for a single-family housing development. The only access to the property is via Lockhart Road. Pursuant to his plans for development, appellant sought to purchase a right-of-way over a portion of land owned by Redside Properties Inc. (the appellees) in order to gain additional access to the property. As such attempts were unsuccessful, appellant sought to open a private road over the desired land and thereby filed a petition for appointment of a Board of View pursuant to 36 P.S. §2731 (Purdon 1961).

On April 24, 1990, this court signed an order appointing a Board of View. After the appellees asserted that such action was premature as they did not have the opportunity to respond to the petition, this court agreed to entertain a motion to reconsider petition for the appointment of a Board of View. After argument by the parties, we determined that the original petition failed to state the requisite information so as to require that a Board of View be appointed. The petition was thereby denied and this appeal followed.

Proceedings to open private roads are governed by Title 36 of the Pennsylvania Code, section 2731, which provides:

"The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons, associations, partnerships, stock companies, or corporations, for a road from their

respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, or upon the petition of the chief executive officer of any executive or administrative department of the State Government for a road from any public highway across any lands of any person, association, or corporation to the boundary line of any lands owned, controlled or administered by the Commonwealth, direct a view to be had of the place where such road is requested, and a report thereof to be made in the same manner as is directed by said act of June 13, 1836." 36 P.S. §2731 (Purdon 1961). The few cases dealing with the above section have not read said provision to require the appointment of a Board of View in each and every situation. The Superior Court, in *In re Private Road in Nescopeck Township,* stated:

"Our reading of the aforementioned statute (section 2731) and the relevant cases decided thereunder convinces [sic] us that the singular issue raised on a rule to show cause why a Board of Viewers should not be appointed is *whether the petition contains the requisite information so as to require that a board be appointed.*" 281 Pa. Super. 341, 344-5, 422 A.2d 199, 201 (1980) (emphasis supplied), citing *Little Private Road, Peters Township,* 35 Wash. Co. 75 (1956).

In *Nescopeck,* the court held that the petition satisfied the prerequisites necessary for the appointment of a Board of View as it stated in detail that the parcel was presently landlocked such that there was no means of ingress from the parcel to any public or private road. *Id.*

The petition in the instant case failed to set forth the requisite information needed to mandate the appointment of a Board of View. The petition contained the following information: (1) the property is

presently undeveloped; (2) the property is not land-locked as it is accessible via Lockhart Road; and (3) for the purposes of development a private road was requested in order to provide an additional and convenient ingress to the property for those who will in the future live in the development. As the Superior Court stated in *Application of Little:*

"While the act does not require an absolute necessity, such as being completely landlocked, the mere inconvenience in the use of an existing road is not enough. *Pocopson Road,* 16 Pa. 15, 17. The existing road must be of a limited privilege, *Stewart's Private Road,* · 38 Pa. Super. 339, 342, or 'extremely difficult and burdensome' in its use, *Brecknock Twp. Road,* 1874, 2 Woodw. 437, to warrant the appropriation of another more convenient course. In short, the act is said to require the 'strictest necessity.' *Plumcreek Twp. Road,* 110 Pa. 554, 558, 1 Atl. 431; *In re Private Road in Restone Twp.,* 112 Pa. 183, 184, 5 Atl. 383." 180 Pa. Super. 555, 559, 119 A.2d 587, 589 (1956).

The petition at bar failed to allege sufficient facts to meet the strictest necessity standard as there was no demonstration that Lockhart Road is unfit for the present use of the land, which is still undeveloped. To condemn a private road over another's land for the purposes of proposed future development is not what is intended by the act. In this case, as was the situation in *Application of Little:*

"What in essence the appellant is seeking here is in [sic] advisory determination by the viewers that she will have a cheap, easy and direct access to her contemplated development before she goes to the trouble of expending any money on it. While this may be desirable from an investment standpoint, it reckons without consideration of appellees' right to have their property taken only where the strict

necessity is determined on the basis of existing conditions." 180 Pa. Super. at 560, 119 A.2d at 589.

As the appellant failed to allege the requisite foundation for the appointment of a Board of View, his appeal should be denied.