658 A.2d 399

**Peggy L. LOBDELL, Appellant,**

v.

**Frank E. LEICHTENBERGER, Jr. and Carl Leichtenberger and Barbara L. Leichtenberger, Appellees (Two Cases).**

Superior Court of Pennsylvania.

Argued Feb. 28, 1995.

Filed May 5, 1995.

James C. Blackman, Warren, for appellant.

Thomas E. Africa, Warren, for Frank E. Leichtenberger, appellee.

Before TAMILIA, JOHNSON and HUDOCK, JJ.

HUDOCK, Judge:

This consolidated appeal is from two orders of the trial court following the dismissal of a petition to appoint a board of viewers to open a private road.[1] Respondents filed preliminary objections, including a demurrer. After argument, the court granted the demurrer stating that petitioners failed to state a cause of action for which relief could be granted. This appeal followed. We reverse.

The underlying facts of this matter taken from the pleadings involve a tract of land which at one time was under common ownership. It was split in the late 1800's causing the tract involved herein to be landlocked. Access to this landlocked tract was provided through a right-of-way which ran along a creek. This right-of-way was the subject of litigation in 1975 because the right-of-way was blocked by the dominant landowner. As a result of that litigation, the right-of-way was again opened. Appellant is a successor owner of the landlocked property. She brought an action for the opening of a private road alleging the creekside right-of-way is narrowed and dangerous due to erosion from the creek and could result in her injury or death. She therefore suggested a new route

---

1. As we stated in *In re Laying Out And Opening A Private Road*, 405 Pa.Super. 298, 302–03, 592 A.2d 343, 346 (1991):

   We agree, the laying out and opening of a private road is clearly a taking of private property which could not occur absent the statutory empowerment of the condemnor by the government. The opening of such a road provides access to a public highway, and also provides access to the condemnor's property under certain circumstances. "Eminent Domain" has been defined as "The power to take private property for public use by the state, municipalities, and private persons or corporations authorized to exercise functions of public character." *Black's Law Dictionary*, 5th Ed., p. 470 (citation omitted). Eminent domain is a technical phrase which must be construed according to its peculiar and appropriate definition. 1 Pa.C.S.A. § 1903(a). We hold today that appeals from petitions for the laying out and opening of private roads are eminent domain proceedings within the exclusive jurisdiction of the Commonwealth Court pursuant to 42 Pa.C.S.A. § 762(a)(6). Nonetheless, as no party has raised the jurisdictional issue, we will consider the merits of this appeal in the interests of judicial economy as per 42 Pa.C.S.A. § 704, Pa.R.A.P. 741.

to be accessed by the opening of the private road as proposed. Appellant's petition for the appointment of viewers was denied by the trial court based upon the preliminary objections of the dominant landowners who averred that Appellant failed to allege that such a private road was a "necessity."

■ Appellant raises the following issue in her appeal:

DID THE COURT ERR IN FAILING TO APPOINT A BOARD OF VIEWERS PURSUANT TO 36 P.S. 2731, AND DID THE COURT USURP THE AUTHORITY OF THE BOARD OF VIEWERS TO DETERMINE WHETHER OR NOT SUCH ROAD WAS NECESSARY PURSUANT TO SECTION 36 P.S. 2732, WHICH STATES IN PART "IF IT SHALL APPEAR BY THE REPORT OF VIEWERS TO THE COURT DIRECTING THE VIEW THAT SUCH ROAD IS NECESSARY, THE SAID COURT SHALL DIRECT WHAT BREADTH THE ROAD SO REPORTED SHALL BE OPENED, AND THE PROCEEDINGS IN SUCH CASES SHALL BE ENTERED UPON THE RECORD AS BEFORE DIRECTED, AND THENCEFORTH SUCH ROAD SHALL BE DEEMED AND TAKEN TO BE A LAWFUL PRIVATE ROAD."

Appellant's Brief at p. 2.

■ The standard of review this Court applies when reviewing a grant of preliminary objections in the nature of a demurrer is quite strict.

A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. If there is any doubt, this should be resolved in favor of overruling the demurrer.

*Gekas v. Shapp*, 469 Pa. 1, 6, 364 A.2d 691, 693 (1976) (citations omitted).

Appellant's petition under review here was brought pursuant to 36 P.S. section 2731 which reads as follows:

The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons, associations, partnerships, stock companies, or corporations, for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, or upon the petition of the chief executive officer of any executive or administrative department of the State Government for a road from any public highway across any lands of any person, association, or corporation to the boundary line of any lands owned, controlled, or administered by the Commonwealth, direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty-six. [referring to the same procedure as followed in public road openings].

36 P.S. § 2731 (footnote omitted). Section 2732 is also pertinent to this action and reads:

If it shall appear by the report of viewers to the court directing the view, that such road is necessary, the said court shall direct what breadth the road so reported shall be opened, and the proceedings in such cases shall be entered on record, as before directed, and thenceforth such road shall be deemed and taken to be a lawful private road.

36 P.S. § 2732. Pertinent portions of Appellant's amended petition to appoint a board of viewers and open a private road read as follows:

1. [Appellant] is the owner of oil, gas and mineral rights located on tract 369, Sheffield Township, Warren County, Commonwealth of Pennsylvania, as are more fully set forth in a description contained in a certain deed from Peggy L. Lobdell to Peggy L. Lobdell dated April 15, 1985 and recorded in the Recorder's Office of Warren County in Record Book 12, page 170, and deed to be recorded.

2. That contained within the said deed is reference to a fifteen foot right of way, granting access from the State Highway, being S.R. 948 to the said Tract 396, for the purpose of ingress and egress to obtain oil, gas and minerals from the premises in Tract 396, set forth above.

3. That until the early 1960's, [Appellant's] predecessers [sic] in title were permitted the free use of a certain right of way from Route 948 to the premises above described, in the description attached. hereto, made a part hereof, and marked as Petitioner's Exhibit A.

4. That [Appellant's] only means of ingress and egress to their oil property consists of a dangerous and narrow roadway which is adjacent to the east branch of the Tionesta Creek, and is located in the southerly portion of lands of Frank E. Leichtenberger, Jr.

5. That [Appellant's] must obtain all-weather access to their oil and gas lease over and upon the right of way set forth in Exhibit A, which is the easiest and best access to [Appellant's] oil and gas property from the said S.R. 948 to their property.

6. That the continued use of the narrowed right of way along the southerly boundary of lands of Frank E. Leichtenberger, Jr. and along the northerly banks of the East Branch of the Tionesta Creek constitutes a hazard to [Appellant] and the general public which could result in injury or death to [Appellant] and environmental damage caused by the erosion of the said roadway.

Amended Petition, at pp. 1–2. The preliminary objections filed by Appellee, Frank E. Leichtenberger, Jr.,[2] read in pertinent part as follows:

### COUNT I—DEMURRER

1. That to obtain the relief sought, the Petitioner must plead and prove "necessity."

---

2. Appellees Carl and Barbara Leichtenberger did not file briefs in this appeal.

2. That the crux of the instant Petition is found in paragraph 5 wherein the Petitioner asserts that the proposed (new) private road would be "... the easiest and best access to (her) ... property ..."

WHEREFORE, this Respondent requests that the Amended Petition be dismissed as being insufficient as a matter of law.

Preliminary Objections, at p. 1.

As we stated in *Application of Little*, 180 Pa.Super. 555, 558–59, 119 A.2d 587, 589 (1956):

The Act provides for this Board [of viewers] to determine the necessity of the road ... and ordinarily this is a factual matter to be determined by actually viewing the premises and if necessary, by holding hearings. To determine what in fact is necessary the Board naturally has to know as a matter of law what the Act requires, and in this sense, the Board must interpret the law. . . .

This legislation, allowing the appropriation of private property for private use is at the very least in the nature of eminent domain legislation and must therefore be strictly construed. . . . . The word necessity, the key to this entire Act must likewise be given a strict interpretation.

While the Act does not require an absolute necessity, such as being completely landlocked, the mere inconvenience in the use of an existing road is not enough. *Pocopson Road,* 16 Pa. 15, 17. The existing road must be of a limited privilege, *Stewart's Private Road,* 38 Pa.Super. 339, 342, or "extremely difficult and burdensome" in its use, *Brecknock Twp. Road,* 1874, 2 Woodw. 437, to warrant the appropriation of another more convenient course. In short, the Act is said to require the "strictest necessity." *Plumcreek Twp. Road,* 110 Pa. 544, 548, 1 A. 431; *In re Private Road in Redstone Twp.,* 112 Pa. 183, 184, 5 A. 383.

We note initially that Appellant's petition states that access to the property is currently via a right-of-way adjacent to the Tionesta Creek through Appellee Frank Leichtenberger Jr.'s land. Therefore, Appellant has not pled that the property is

completely landlocked, and according to *Application of Little,* *supra,* 180 Pa.Super. 555, 119 A.2d 587, she need not so plead.[3] The crux of this appeal, therefore, is to determine whether she has pled sufficient facts to warrant the appointment of a board of viewers, who will then determine whether a private road is "necessary."

In *Application of Little, supra,* 180 Pa.Super. 555, 119 A.2d 587, a board of viewers was appointed by the trial court to determine the necessity of an additional private road based upon a petition alleging that the petitioner sought to subdivide her property with access over the respondent's land to a state route. The board of viewers found that the private road was not necessary. The trial court dismissed the petitioner's exceptions to the board's report. On appeal, we affirmed, holding that necessity must be based upon the present facts, not on some contemplated future use. The factual posture of the present matter is distinguishable from *Application of Little* because Appellant is not seeking a determination of contemplated future use, but rather present use. In holding that the private road should not be appropriated in *Application of Little,* we agreed that the present roadway was "adequate for the present use and enjoyment of her land." *Id.* Appellant's assertion in the matter before us essentially is that the present road is inadequate for the present use and enjoyment of her land, and is dangerous.

Appellant's burden in her petition was to plead that she is more than merely inconvenienced in her access, but rather that the existing access is extremely difficult and burdensome in its use and warrants the appropriation of another more convenient course. We hold that, based upon our standard of review, the petition meets this requirement in that Appellant states that the present access road has been eroded by the adjacent Tionesta Creek, making it dangerous and narrow.

3. The trial court states in its opinion in support of the grant of the demurrer that Appellant must plead an absolute necessity. This is not the proper standard to be applied to actions for laying out of a private road. Likewise, the trial court's conclusion that the action sought by Appellant is one for a public road is not supported by the record, which clearly shows in the petition for appointment of viewers that the action is brought pursuant to 36 P.S. section 2731, not section 1781. We therefore find that the trial court's conclusions of law are not supported by the record.