Petition of Gary W. PACKARD and Janet C. Packard, his wife, and George Szives, Jr. and Gladys C. Szives, his wife, for Opening a private road in Upper Paxton Township, Dauphin County, Pennsylvania.

Appeal of: Marlin E. Miller and Anna M. Miller, his wife, and Terry L. Miller.

Commonwealth Court of Pennsylvania.

Argued April 9, 2007.

Decided June 7, 2007.

Christian S. Daghir, Harrisburg, for appellants.

Robert G. Radebach, Halifax, for appellees.

BEFORE: LEADBETTER, President Judge, and LEAVITT, Judge (P.), and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Husband and wife, Marlin E. Miller and Anna M. Miller along with their son, Terry L. Miller (collectively, the Millers) appeal from an order of the Court of Common Pleas of Dauphin County (trial court) that granted in part and denied in part exceptions filed by Petitioners, Gary W. Packard, his wife Janet C. Packard, George Szives, Jr., and his wife Gladys S. Szives, to a Report of Board of View (Board). The trial court determined that, based on the findings of the Board, Petitioners met their burden of proving that a private road is necessary. We reverse.

The Szives are owners of property located in Upper Paxton Township, Dauphin County. The property consists of 15 acres and 13 perches of mountain land on the south side of Mahantago Mountain. The Millers are owners of three parcels of land located south of the Szives' property along Shippen Dam Road. Petitioners entered into an agreement of sale dated July 1, 2003, whereby the Packards agreed to purchase the Szives' property for use as a home site. The agreement provided for settlement within 14 days of the buyers receiving legal access to the premises.

On September 18, 2003, Petitioners filed a petition for a private road directed to the Millers pursuant to Section 1 of the Private Road Act, 36 P.S. § 2731.[1] The petition alleged that the Szives' property is landlocked and that a private road over the Millers' property is necessary for access from Shippen Dam Road. Attached to the petition was a plan showing a proposed 25 foot wide and 330 foot long easement over the Millers' property. The Millers filed an answer with new matter.

Thereafter, a Board was appointed and it conducted a view of the property and held hearings over three days before filing a report on February 28, 2006. In its report, the Board made the following relevant findings of fact:

1. The Petitioners['] property has technical legal access by virtue of various road docket entries more than one hundred years ago for the Mountain Road.

2. The Mountain Road which constituted the technical access has by disuse and lack of maintenance become inadequate for entrance for house, for construction and living in a house for human habitation on Szives['] property.

3. There is nothing to indicate that the Upper Paxton Township will repair or restore the Township road to provide convenient access for human habitation.

4. The current and past use of the Petitioners['] property is for recreational outdoor use and quarrying of whetstone.

. . . .

6. At no time before, or presently did use of the Szives['] property include a home.

. . . .

1. Act of June 13, 1986, P.L. 551, *as amended,* 36 P.S. § 2731.

9. The property in question to be served by the proposed private road is presently unenclosed woodland and unseated, land, there being no structure or inhabitants on the property.

The Board also listed as a fact that the Packards admitted that there is access to the Szives' property, but that access is impractical for their proposed use of the property, i.e., to construct a residence and reside on the mountain. (Board Facts, No. 9.)

Based on the above, the Board determined that Petitioners have access to the property via an existing road, Mountain Road, and that based on the present use of the property, outdoor recreation use, Petitioners failed to prove necessity for a private road. Although Petitioners proposed to construct a house on the property, mere inconvenience of using the existing road is not enough to create necessity and necessity cannot be shown based on a future use of the property. The Board concluded that the existing road is sufficient for the present use of the property, outdoor recreational use.

Petitioners filed exceptions to the Board's report with the trial court. The trial court adopted the Board's findings of fact, but rejected the Board's conclusions of law. Specifically, the trial court disagreed with the Board's belief that necessity for a private road may not be premised on a future contemplated use. The trial court concluded that Petitioners met their burden of proving that a private road is necessary for the intended use of the property as a home. The trial court then ordered that the Board determine the location and dimensions of the private road-

way, and recommend a proper award of damages for the taking of same. The Millers thereafter appealed to this court.[2]

We initially set forth Section 12 of the Private Road Act, 36 P.S. § 2732, which provides:

> If it shall appear by the report of the viewers to the court directing the view, that such road is necessary the said court shall direct which breadth the road so reported shall be opened, and the proceedings in such cases shall be entered on record, as before directed, and thenceforth such road shall be deemed and taken to be a lawful private road.

The test, therefore, is "necessity," but the Private Road Act does not further define this term. The Superior Court has stated that the term must be given strict interpretation and that:

> [w]hile the Act does not require an absolute necessity, such as being completely landlocked, the mere inconvenience in the use of an existing road is not enough. Pocopson Road, 16 Pa. 15, 17. The existing road must be of limited privilege, Stewart's Private Road, 38 Pa.Super. 339, 342, or "extremely difficult and burdensome" in its use . . . .

*Application of Little,* 180 Pa.Super. 555, 119 A.2d 587, 589 (1956).

Both the Board and the trial court discussed *Little,* wherein the landowner had a road sufficient for the present use of her land which contained a residence. The landowner sought to open a private road over another's land because such would provide a more direct access to the highway and would make it more convenient to proceed with plans for commercial devel-

---

**2.** A Board of View has broad discretion to determine whether a private road is necessary. *Holtzman v. Etzweiler,* 760 A.2d 1195 (Pa.Cmwlth.2000). Appellate review is limited to ascertaining the validity of the Board's jurisdiction, the regularity of proceedings, questions of law and whether the Board abused its discretion. *In re Private Road Cogan Township. Lycoming County,* 684 A.2d 237 (Pa.Cmwlth.1996).

opment of the property. The Superior Court observed that the appropriation of private property for private use is in the nature of eminent domain legislation and must be strictly construed. *Little*, 119 A.2d at 588. Although the Private Road Act does not require that property be completely landlocked, "the mere inconvenience in the use of an existing road is not enough." *Little*, 119 A.2d at 589. The court stated that the necessity of a private road must be based on existing conditions.

■ Here, there is no existing necessity for a private road to be appropriated in order to gain access to the property at issue. The property is accessible via Mountain Road. Mountain Road may not be conducive to the intended use of building a home on the property and residing therein, but the Board found that the existing road is sufficient for the present use of the land which is recreational outdoor.

Although the trial court in this case stated that basic to the use and enjoyment of land is the ability to occupy the land in the safety and comfort of a dwelling house, we find no authority for such proposition. In *Pope v. Muth*, 332 Pa.Super. 264, 481 A.2d 355 (1984), property owners seeking a private road to access their land did intend to build a house on their property. The Board and trial court did not grant them a private road because they wanted to build a house but because they did not have access to their property. The intended use of the property is not determinative of whether there is access to the property.

In *Mattei v. Huray*, 54 Pa.Cmwlth. 561, 422 A.2d 899 (1980), Huray owned land that did not have direct access to a public road and proposed to build a private road across the Mattei property to a state highway. Even though Huray did have a right-of-way from his road to a public road, the right-of-way was not feasible for a private road because the topography would make construction expensive and inclement weather would close the road for a portion of the year and as such, the Board concluded that the proposed road over the Mattei property was necessary. Here, as previously stated, the Board found that Mountain Road is adequate for the present use of the property. Moreover, unlike *Mattei*, there are no findings in this case by the Board that improvement to Mountain Road would be costly or that adverse weather closes Mountain Road.

We agree with the Millers that, based on the findings of the Board, Petitioners presently have access to the property and have failed to meet their burden to prove necessity.[3] We observe that the property at issue is on the side of a mountain and, although Petitioners maintain that the present road is impractical for their intended use, i.e., to construct a residence and reside on the mountain, a proposed or future use of the property does not warrant the appropriation of another's land for creation of a road. Here, the Board found that Petitioners have access and as such they failed to meet their burden of proving a necessity.

In accordance with the above, the decision of the trial court is reversed.

### ORDER

NOW, June 7, 2007, the order of the Court of Common Pleas of Dauphin Coun-

---

**3.** The fact that Mountain Road provides adequate access to the property is supported by the testimony of Mr. Miller who stated that during the first week of November, 2003, he saw approximately 31 vehicles travel up Mountain Road. (R.R. at 259a–260a.) A neighboring property owner, Scott Hoover, testified that for the past twenty-five years he has traveled Mountain Road to access his father's property. Mr. Hoover testified that he travels the road approximately forty times per year. (R.R. at 292a.)

ty, in the above-captioned matter, is reversed.