**Louis J. MAZZANTE, III, Appellant**

**v.**

**Jack L. McCLINTOCK & Mary L. McClintock, his wife; Glenn W. Derrick, Jr. & Dorothy Derrick, his wife; Carl K. Robbins & Donna K. Robbins, his wife; The Montague Family Trust, c/o Elma Jean Snyder and Daniel H. Thomas, Jr., Katrina Peifer & Karen Holiday, Shane T. Watkins, Red Pine Ridge Hunting Club c/o Paul Heise.**

Commonwealth Court of Pennsylvania.

Argued March 31, 2009.

Decided June 10, 2009.

---

David C. Shipman, Williamsport, for appellant.

J. Michael Wiley, Williamsport, for appellees, Jack L. McClintock and Mary L. McClintock; Glenn W. Derrick, Jr. and Dorothy Derrick; and Carl K. Robbins and Donna K. Robbins.

BEFORE: SMITH–RIBNER, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Louis J. Mazzante, III (Mazzante) appeals from an order of the Court of Common Pleas of Lycoming County that denied his petition for appointment of a board of view to open a private road pursuant to Section 11 of the Act commonly known as the Private Road Act (Act), Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. § 2731. Mazzante questions whether the trial court erred as a matter of law in failing to appoint a board of view pursuant to 36 P.S. § 2731 because Mazzante's pleadings showed that he already had an access road connecting one part of his land to a public highway and because his allegations that a road across his property connecting this access road to a second part of his property was difficult and burdensome to use did not require appointment of a board of view. He questions also whether the trial court's interpretation of Section 11 and Section 12, 36 P.S. § 2732, usurps the broad authority of a board of view to determine whether a requested road is necessary and therefore constitutes error of law.[1]

Mazzante filed a petition for appointment of a board of view to open a private road on May 21, 2008, which alleged that he purchased real estate in Penn Township, Lycoming County (Tax Parcel No. 44–315–164) on October 12, 1998. It stated that the subject property is at the end of a private road known as Owl Hill Road, which is used by the named respondents and their families and guests and members of a fishing club, and that four of eight respondents who assertedly own portions of the road or have a recorded right-of-way to use it had executed agreements permitting Mazzante to use their portions. It further alleged that Mazzante's only current access is by way of a township road known as Holmes Hollow Road, which intersects with an unpaved logging road that runs approximately three miles across Mazzante's property to Strawbridge Lake, which road assertedly is rough, eroded, extremely dangerous, difficult, burdensome and so rocky that it cannot be traveled by a regular passenger vehicle and would be extremely cost-prohibitive to improve.

Jack McClintock and his wife Mary McClintock filed a response to the petition with new matter. They denied that the unpaved logging road is three miles long, alleging that it is a maximum of 2500 feet, and in new matter they noted that under the Act a taking of a right-of-way must be done only for strictest necessity, which necessity may not be created by the petitioner. They asserted that from the face of the petition it was clear that Mazzante has access to the property; because of that access the condition of any adjacent logging road is immaterial; any alleged ne-

---

**1.** Section 11 of the Act provides in pertinent part:

The several courts of [common pleas] shall, in open court as aforesaid, upon the petition of one or more persons ... for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, ... direct a view to be had of the place where such road is requested, and a report thereof to be made....

Section 12 provides in full:

If it shall appear by the report of viewers to the court directing the view, that such road is necessary, the said court shall direct what breadth the road so reported shall be opened, and the proceedings in such cases shall be entered on record, as before directed, and thenceforth such road shall be deemed and taken to be a lawful private road.

cessity was created by Mazzante in not properly maintaining or improving the logging road; and as a matter of law the proposed road cannot be of strictest necessity. Others filed identical responses.

Mazzante filed a reply to new matter, stating that the only routes across his property are unpaved logging roads 1.1 and 1.4 miles in length of the same condition as originally alleged and that appointment of a board of view is required pursuant to *Lobdell v. Leichtenberger*, 442 Pa.Super. 21, 658 A.2d 399 (1995) (holding that appointment was required for allegation that the sole access along a creek had become dangerous). Mazzante denied creating the necessity and stated that improving the roads for passenger vehicle use would be extremely expensive, citing *Mattei v. Huray*, 54 Pa.Cmwlth. 561, 422 A.2d 899 (1980).[2]

The trial court heard argument on July 25, 2008, and it issued an order August 12, 2008 denying Mazzante's petition. The trial court stated that Mazzante had failed to show that existing access to his property is extremely difficult and burdensome, as is required before a court will consider taking of the respondents' property for Mazzante's use, citing *Application of Little*, 180 Pa.Super. 555, 119 A.2d 587 (1956). The trial court noted that although Mazzante had alleged that access *across* his property is difficult and burdensome, he has access *to* his property by way of a township road, and there was no allegation

that travel over the township road is difficult and burdensome.

Mazzante filed a motion for reconsideration, and in an order of August 27, 2008 the trial court rejected Mazzante's argument that the road that was required to be extremely difficult and burdensome to use in *Little* was the petitioner's existing road on her own property. The purpose for her petitioning for a private road was that a 25–acre portion suitably could be developed into building lots if she secured the private road across adjacent property for direct access to a highway. Without direct access, it would be necessary for her to construct a longer roadway over her own land in order to reach the state road. The board of view refused to hear any testimony concerning the proposed development of the 25 acres on the basis that it is only the present situation that governs and that such a proposed subdivision and commercial development were not within the contemplation of the Act as "necessary." The present road was adequate for the present use, but the owner admitted that she did not want to go to the expense of laying out her subdivision until she was assured of a road over her neighbors' land. That, however, could not supply the strict necessity required by the Act.

■ The trial court distinguished cases cited by Mazzante primarily because most of them concerned the state of access over lands of others. In the light of holdings that "the Act is in the nature of eminent

---

**2.** On July 25, 2008, Mazzante filed an amendment to his petition stating that the former allegation of one logging road three miles in length was incorrect and that there are two unpaved logging roads approximately 1.1 and 1.4 miles in length, with the same description of condition. It alleged further that he currently uses this property for recreation including hunting, planting food plots for game and fishing with family and guests but that he and his family and guests cannot get to the por-

tion of his property near the lake to engage in these activities except by the present inadequate roads. Mazzante filed a second amendment on August 8, 2008, which alleged that he is beginning land clearing and excavation on his property to build a cabin next to the lake and that he needs the requested easement so that he and his contractors can get next to the lake to do this work without traversing the two difficult and dangerous logging roads.

domain and, therefore, must be strictly construed[,]" *Graff v. Scanlan*, 673 A.2d 1028, 1031 (Pa.Cmwlth.1996) (citing *Little* ), and that the Act requires "strictest necessity[,]" *id.* (quoting *In re Road in Plum Creek Township*, 110 Pa. 544, 548, 1 A. 431, 433 (1885)), the trial court rejected Mazzante's assertion that he was entitled to appointment of a board of view when he has access to a public road over his own property.[3]

Mazzante first contends that the trial court erred in declining to appoint a board of view because Sections 11 and 12 of the Act do not say that a landowner may never secure a second private road to his or her property; nor do they specify that an existing access road must be difficult or burdensome to use and not a road crossing the property to a second access point where the owner seeks to lay out a second road to another public highway. In *In re Private Road in Nescopeck Township*, 281 Pa.Super. 341, 422 A.2d 199 (1980), where a trial court declined to appoint a board of view under the Act in part because the termini of the proposed road had not been specified and no assurances of just compensation had been provided, the Superior Court held that nothing in Section 11 of the Act required setting forth the termini or provision of security as a condition precedent to appointment of a board of view, and it stated that it would not substitute its judgment for that of the legislature.

▆▆▆ The purpose of these statutes is to give a landowner adequate access to use

and enjoy his or her property. *Pope v. Muth*, 332 Pa.Super. 264, 481 A.2d 355 (1984). A public policy reason for construing the Act to permit opening of a private road to a property that already has access is that with many large tracts of forest and mountain land in Pennsylvania, it may be prohibitively expensive to build a road all the way across when access to the far side could be achieved inexpensively by opening a short private road. The Act serves the public interest by opening up otherwise inaccessible land for development. *In re Opening Private Road ex rel. O'Reilly*, 954 A.2d 57 (Pa.Cmwlth.2008).

Mazzante asserts that it was his burden to allege that "the existing access is extremely difficult and burdensome in its use and warrants the appropriation of another more convenient course." *Lobdell*, 658 A.2d at 403. He did that with his allegations of the condition of the logging roads in his amended petition, which state a cause of action sufficient to defeat a demurrer under *Lobdell*. He states that there is no appellate authority squarely on point, but he finds support in county cases. In *In re Road in Brecknock Township*, 2 Woodw. 437 (C.P.Pa.1874), the trial court sustained exceptions to a report of viewers laying out a *public* road but stated that a citizen who is surrounded by lands of others has a right to obtain access to a public highway by means of a private road even where the evidence shows that he has access over his own land but the route would be extremely difficult and burdensome.

---

**3.** Mazzante asserts that the trial court's order had the effect of granting a motion for judgment on the pleadings *sua sponte.* Because he was given full and fair opportunity to brief and to argue the pertinent issues raised in oral argument before the trial court, he does not object to that procedure, citing *School Sec. Servs., Inc. v. Duquesne City School District*, 851 A.2d 1007 (Pa.Cmwlth.2004). In an appeal from such a grant the Court's review is limited to determining whether the trial court abused its discretion or committed an error of law, considering only the pleadings and accepting as true all well-pleaded statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed and sustaining the grant only where the movant's right to succeed is certain. *Id.* at 1011 n. 2.

Mazzante notes that in *Little* the trial court appointed a board of view even though the owner had access from her house. He argues that the fact that the Superior Court favorably cited *Brecknock Township* and did not rule that the trial court erred in appointing the board of view indicates that the Superior Court implicitly decided that a private road could be opened to a public highway even though the owner already had access to a public highway from another private road on his property, so long as the existing road was "extremely difficult and burdensome in use" for the current use of the property.[4] Mazzante's related second argument is that the trial court's interpretation of Sections 11 and 12 usurped the broad authority of a board of view to determine whether the requested road was necessary and therefore was error.

■■■ In *Mattei* the Court noted that cases hold that the determination of necessity is a factual matter to be determined by the board and not the trial court, whose review is limited to confirmation or rejection of the board's report. In *In re Cogan Township, Lycoming County,* 684 A.2d 237 (Pa.Cmwlth.1996), the Court pointed out the broad authority of the board to determine necessity under the Act, with review by the trial court not to consider questions of fact but rather limited to ascertaining the validity of the board's jurisdiction, the regularity of the proceedings, questions of law and whether the board abused its discretion. In *In re Private Road in Union Township,* 148 Pa.Cmwlth. 522, 611 A.2d 1362 (1992), a board concluded that where property was divided by a ditch 100 feet deep and several hundred feet long, a private road was necessary as the cost of constructing a bridge to the landlocked portion would have been prohibitive.

■■■ Appellees first argue that the trial court properly denied Mazzante's petition because he failed to demonstrate "strictest necessity" on the face of his petition. There is no dispute that Mazzante has unobstructed access to his property from Holmes Hollow Road. He cited *Reber v. Tschudy,* 824 A.2d 378 (Pa.Cmwlth. 2003), for the contention that nothing precluded widening of an existing private road opened in a prior proceeding. The facts there showed, however, that erosion had rendered the original road unsafe, and the owner wished to install features to make it safe and usable once more. In *Nescopeck*

---

**4.** At oral argument Mazzante referred to *McGinnis v. McCarter,* 940 A.2d 581 (Pa. Cmwlth.2008), where the trial court appointed a board of view and accepted its report for the opening of a private road to a portion of a property intended to be subdivided and developed in the future. This Court quoted and applied *Little* and reversed, noting that existing access to that portion, although not complying with township requirements for residential access, had been sufficient to permit farming of the property without crossing neighbors' land. In addition, Mazzante referred to Michael A. DiSabatino, Annotation, *Way of necessity where only part of land is inaccessible,* 10 A.L.R.4th 500 (1981). The discussion there supports the basic principle that in some circumstances a way of necessity to one portion of land may be justified, especially where an obstacle to passage over the owner's property is so great that the two portions are, in effect, separate tracts. The annotation includes many examples, however, of cases where obstacles such as a ridge or bluff or a stream or a valley or ravine were not deemed to be sufficient to meet a test of strict necessity. *See, e.g., Waubun Beach Ass'n v. Wilson,* 274 Mich. 598, 265 N.W. 474 (1936) (not sufficient necessity where available roads lay on part of property that rose abruptly in a bluff and owner would have to make or improve a way); *Hollars v. Church of God of the Apostolic Faith, Inc.,* 596 S.W.2d 73 (Mo.Ct.App.1980) (not sufficient necessity under statute authorizing private roads where portion of land was separated from accessible portion by a "hollow" that prevented vehicular traffic).

*Township* the requested private road was from landlocked property to a public road. The Superior Court reversed because the trial court refused to appoint a board of view as the termini of a private road had not been specified and security had not been arranged, which are not required under the Act. The court in *Pope* held that the petitioners demonstrated strictest necessity because there was at present no access to the main road from their property and added: "Those petitioning for permission to construct a private road must first successfully meet the requirements necessary for the appointment of a Board of View." *Id.*, 481 A.2d at 356. In *Nescopeck Township* the court held: "[T]he singular issue raised on a rule to show cause why a Board of Viewers should not be appointed is whether the petition contains the requisite information so as to require that a Board be appointed." *Id.*, 422 A.2d at 201.

As for Mazzante's citation to *O'Reilly* for a statement of the public purpose served by the Act, Appellees note that case involved a challenge to the constitutionality of the Act, and they point out that it, as others cited by Mazzante, involved a landlocked piece of property. Appellees argue that Mazzante's position is similar to that of the applicant in *Little*. He has viable access that meets his current uses of the property, and he is really only looking for more convenient access for his planned cabin. Regarding the contention that the trial court's ruling usurps the authority of the board's function under the Act, Appellees note that in *Mattei* the issue concerned the ability of a trial court to conduct a trial de novo on the question of necessity, and this Court affirmed the trial court's conclusion that owners are not entitled to a jury trial on the issue of necessity under the Act. Cases relied upon by Mazzante support the ability of a trial court to test whether a petition is sufficient. *Pope;*

*Nescopeck Township. See also Lobdell,* 658 A.2d at 403 ("The crux of this appeal, therefore, is to determine whether she has pled sufficient facts to warrant the appointment of a board of viewers, who will then determine whether a private road is 'necessary.'"). Appellees placed the issue of the sufficiency of the complaint before the trial court.

■ The Court agrees with Appellees that the trial court did not commit an error of law or an abuse of discretion. First, there is no question that a trial court has authority to test the legal sufficiency of a petition for appointment of a board of view under the Act. Appellees have correctly cited statements from *Pope* that those petitioning for permission to construct a private road must first meet the requirements necessary for appointment of a board of view and from *Nescopeck Township* that the singular issue on a rule to show cause why a board should not be appointed is whether the petition contains the requisite information so as to require appointment. *See also Lobdell.*

■ On the merits of the trial court's decision, the Court is in full accord. Mazzante repeatedly attempts to apply to his case statements from *Lobdell* and other cases where a property that was otherwise landlocked had existing access across lands of others but that access was claimed to be extremely difficult or burdensome or dangerous in its use, thereby justifying a grant of a different private road. Such cases do not establish a principle that whenever an owner alleges that a road *across* his or her property is difficult or burdensome to use that the owner has shown entitlement to appointment of a board of view under the Act.

This case is not analogous to *Union Township,* where a property was bisected by a ditch 100 feet deep rendering one

portion of the property completely land-locked. Mazzante pleaded in his first amendment that his use of the property is for recreation including hunting, planting food plots for game and fishing. Although he alleged that the roads were clearly inadequate for the present use, he admitted in his reply to new matter that he had improved them to make them passable to ATVs and tractors. In his second amendment he stated candidly that the reason he wants a different access is that he intends to build a cabin and he does not want for him or his contractors to have to traverse the logging roads. The pleadings and evidence admit that the property is used for recreation and that roads exist across it, albeit not suitable for passenger cars. These facts as a matter of law are not comparable to cases such as *Union Township* where one portion of a property is truly landlocked and separated from another portion. *See* n. 4 above.

The Court agrees further that Mazzante's situation is similar to that of the owner in *Little.* He admitted use of the property for its present purposes for ten years, and he stated that he needs the proposed access in connection with his desire to build a cabin. First, this is a claim of necessity in regard to a contemplated use, which was held in *Little* to be an improper basis for the grant of a private road. The board in *Little* was affirmed as to its refusal to hear evidence of the contemplated use. The petitioner in *Little* wished to avoid substantial road construction across her property; here, Mazzante has admitted to a degree of access across his property but wishes to avoid the expense that would be required to improve that access. As in *Little,* such desires do not rise to the level of "strictest necessity" that is required under the Act. The trial court was correct in so holding, and its order therefore must be affirmed.

***ORDER***

AND NOW, this 10th day of June, 2009, the order of the Court of Common Pleas of Lycoming County is affirmed.