Opinion by
Beaver, J.,
The appellee having a field or plantation separated from his mansion house or dwelling by lands of the appellant, petitioned for viewers to lay out a private road “to view the place where the said road is requested to be laid out and make report of their proceedings to the said court.”
The viewers, having given notice to the appellant and to the *341 county commissioners, after being duly sworn and affirmed, unanimously reported:
“We proceeded to view and survey the line and location of the said private road and find that there is occasion and necessity for the same, and we have laid out the said road for private use from a point in a public road in West Township leading from the Manor Hill road to the Mooresville road, from a point near the house of A. Campbell Stewart through unimproved land of the said Mrs. Jane Garner to a point on the line of the plantation or the lands of the said A. Campbell Stewart and also attach a plat or draft of the said road herewith, showing the courses and distances and the lands through which the road passes.
“And we further assess and allow as damages to the said Mrs. Jane Garner through whose unimproved lands the said road passes, the sum of $20.00 (Twenty Dollars).”
This report was confirmed nisi and the road therein reported ordered to be opened twenty feet wide. It was subsequently confirmed absolutely, but the decree of confirmation absolute was taken off, having been entered through mistake, exceptions having been filed September 14, four days prior to confirmation absolute.
The appellant argues that, “The assignments of error in this case raise two questions:
“First. Does the act of June 13, 1836, as amended by the Act of April 4,1901, P. L. 65, sec. 1, authorize the granting of a right of way from an outlying field to a public highway?
“Second. Where a party has a private road from an outlying field to a public highway, is there any necessity for another private way from it to the same public highway?”
The Act of April 4, 1901, P. L. 65, which amends sec. 11 of the Act of June 13, 1836, P. L. 551, provides: “The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons, associations, partnerships, stock companies or corporations, for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as directed by *342 the said act of thirteenth June, one thousand eight hundred and thirty-six.”
We think the court had jurisdiction under the act of 1836, amended by this act, to appoint viewers, as prayed for in the petition of the appellee, but the act of 1901 above cited simply makes clear this right and extends the provisions of the act of 1836 to associations, partnerships and stock companies or corporations, and includes lands or leaseholds as well as dwellings or plantations, as contained in the act of 1836. The field or land of the appellee is a “plantation” within the meaning of the act of 1836, being land planted, and is also embraced in the description “lands or leaseholds,” as contained in the act of 1901. The viewers were, therefore, properly appointed. They reported that the road was necessary. If the appellant was dissatisfied with the report in this respect, she could have petitioned for a review, but this was not done and she relied entirely upon her exceptions.
The first assignment relates to the overruling by the court below of the first exception to the report of the viewers, which was: “The proposed private road is only to a single field of A. Campbell Stewart, which he purchased separately from his farm, and when he purchased said field, a grant of a right of way was conveyed to him by the said deed, and he has been using said right of way or private road ever since. (See deed from J. E. Davis and others, recorded in Deed Book 'P,’ No. 4, page 58.)” This exception was overruled and the reasons given for it are embraced in the decree of the court below, which is assigned for error in the fourth assignment, as follows: “The first exception as filed to the report of viewers claims that the petitioner has and is now using a private right of way acquired under and by virtue of deed from John E. Davis and wife to A. Campbell Stewart, the petitioner, and his wife, dated April 13, 1899, and is, therefore, not entitled to an additional private road. We have examined this right of way and find it to be but a limited one. 'This grant of right of way to continue to the said parties of the second part, their heirs and assigns, until they shall secure a private or public road direct to said lands from their premises in West Township, etc.’ We do not think *343 that, under this limited privilege, the petitioner would be deprived of a direct road to and from their land upon his petition. There is no exception as to the regularity of this report. The evidence taken does not sustain the other exceptions. We, however, think it proper that each party pay his own witness costs and that the petitioner for the road pay the docket costs of this proceeding.” The limitation in the deed to Stewart is not an express one, but it is, it seems to us, clearly implied therein that the grantee should make within a reasonable time an effort to secure a private or public road direct to the lands conveyed to him. Having done this — secured a private road, as returned by the viewers — the right of way conveyed by the parties from whom he purchased these lands reverted to them and his right to use it ceased, upon the actual confirmation of the new road.
There is nothing in the case requiring adverse action upon our part.
The decree of the court below is affirmed and the appeal dismissed at the costs of the appellant.