**J. Ross McGINNIS and Norman R. McGinnis, his wife, Appellees**

v.

**Robert N. McCARTER and Susan R. McCarter, his wife, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.

Decided Jan. 2, 2008.

Reargument Denied Feb. 20, 2008.

Rees Griffiths, York, for appellants.

Gilbert G. Malone, York, for appellees.

BEFORE: COLINS, Judge, LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COLINS.

Robert N. McCarter and Susan R. McCarter, his Wife (Appellants) appeal from the February 20, 2007 order of the Court of Common Pleas of York County (the Trial Court) that upheld the determination of the Board of View, granting J. Ross McGinnis and Norma R. McGinnis, his Wife (Appellees), a private roadway across Appellants' property. While these proceedings were pending, Appellant Rob-ert N. McCarter passed away, and his wife, Susan R. McCarter, succeeded by operation of law to his interest in the subject real estate, which was held as tenants-by-the-entirety.

Appellees own a tract of land (155.049 acres) located partly in Shrewsbury Township (102+ acres) and partly in Hopewell Township (53+ acres), in York County, Pennsylvania, that is shown on a final subdivision plan dated October 2002. Lot # 2, at issue here, lies in both townships and is divided by a public road that forms the boundary of the two townships. Appellees also own Lot # 1 and Lot # 3. The October 2002 subdivision plan indicates that the property was zoned Conservation and provided that the portion of Lot # 2 situate in Shrewsbury Township would be developed for a maximum of one residential dwelling. Susan R. McCarter's (Appellant's) property is approximately five-acres in size and is situate to the south of the westernmost portion of Appellees' property.

Appellees' property is bisected by Deer Creek, which extends from west to east along the line dividing Hopewell Township to the north and Shrewsbury Township to the south. The Appellees' property is also bisected by an unnamed tributary to Deer Creek, which runs from land now or formerly belonging to Claude Cooper, and which crosses Gemmill Road at a point near the southwestern corner of Appellees' tract of land, and then proceeds northwardly and eastwardly generally following Gemmill Road to intersect with Deer Creek. Although the unnamed tributary of Deer Creek generally runs parallel to Gemmill Road, it varies in distances from that road up to 300 feet east of the road. Approximately 1400 feet southeast of the unnamed tributary, the Appellees' land narrows to approximately 200 feet. From a certain point of land now or formerly belonging to Kenneth Miller and his wife,

to a certain point at the stream bed of Deer Creek, there is a rapid drop in elevation so that the grade between the two points is between thirty-five and forty-five percent, and there is almost no level area to travel along the stream bank. As a result, Appellees aver that they have no viable access to a portion of their property (approximately thirty to thirty-five acres) which lies to the east of the unnamed tributary of Deer Creek.

Appellants aver that Appellees already have an access easement for Lot # 2 that runs across the northern edge of Appellants' property and along the southern side of Deer Creek. This easement is the site of an abandoned roadbed that was used by Appellees to gain access to Lot # 2 for farming operations south of Deer Creek. Appellees farmed Lot # 2 south of Deer Creek until 1993 without crossing Appellants' property or utilizing the existing easement. However, the existing access easement does not meet current Shrewsbury Township requirements for a private drive for residential development of Lot # 2.

On April 25, 2003, Appellees filed a petition requesting that the Court appoint a board of view in accordance with Section 11 of the Act of June 13, 1836, P.L. 551, *as amended,* 36 P.S. §§ 2731–2891 (Private Road Act),[1] to determine the necessity of establishing a right-of-way over the Appellants' property and to determine what damages should be paid to Appellants as a result of said right-of-way. On April 25, 2003, the Trial Court filed an order appointing a board of view to determine the need for establishing a right-of-way over the Appellants' property. On June 2, 2003, Appellants filed preliminary objections to the Appellees' petition to establish right-of-way, alleging that the Appellees had not set forth sufficient facts to support the appointment of a board of viewers. On June 18, 2003, Appellees filed preliminary objections in the nature of a motion to strike, and on July 2, 2003, Appellants filed a motion to stay meeting of viewers, which the Trial Court denied on July 7, 2003.

On August 13, 2003, a hearing in this matter was held before the board of view, which, on October 27, 2003, filed a report in favor of the Appellees. The board determined that the condemnation of the private road over the Appellants' property was necessary in order to provide access to portions of Appellees' property which do not presently have viable access. On November 21, 2003, Appellants filed a notice of appeal requesting that the Trial Court reverse the determination of the board of view and dismiss Appellees' Petition to Condemn a Private Roadway Across Respondents' Land. On December 9, 2003, Appellees filed an answer to the notice of appeal. On December 11, 2003, Appellants filed a brief in support of their appeal from the board of view's determination, and on December 23, 2003, Appellees filed a brief in support of the board of view's determination. On January 6, 2004, the Trial Court denied Appellants' preliminary objections to the Appellees' petition to establish right-of-way, and granted Appellees' preliminary objections in the form of a motion to strike.

On March 18, 2005, Appellees filed a praecipe to list the case for one-judge disposition to rule upon Appellants' appeal from the decision of the board of view. By

---

1. Section 11 of the Act provides, in pertinent part:
   The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons ... for a road from their respective lands ... to a highway ... direct a view to be had of the place where such road is requested, and a report thereof to be made....
   36 P.S. § 2731.

order dated February 20, 2007, the Trial Court denied Appellants' appeal from the board of view's decision. This appeal followed.[2]

On appeal, Appellants contend that the Trial Court erred in denying its appeal from the board of view's determination. Appellants argue that because an action pursuant to the Private Road Act is a proceeding in the nature of eminent domain, Appellees may not condemn a road across Appellants' property to maximize the future development possibilities of Lot # 2 or to increase its value. Appellants maintain that pursuant to precedent, Appellees may only obtain access across Appellants' property where strictly necessary to continue the existing use of Lot # 2, not to make it more valuable to Appellees or to some other private developer who wishes to buy and subdivide Lot # 2 for the purpose of building three homes on it. Appellants further contend that the Act of May 4, 2006, P.L. 112, No. 34, 26 Pa.C.S. § 306, and the Act of May 4, 2006, P.L. 148, No. 35, 26 Pa.C.S. § 204 prohibit economic development takings, that is, those in which private property is obtained for private development purposes, such as Appellees are attempting to effectuate in the present matter. Appellants aver that the enactment of Section 204 and Section 306 reinforces our legislature's endorsement of the proscription already imposed by courts on private property owners attempting to use the Private Road Law to maximize the developmental potential of their land and enhance their property values. It is Appellants' contention that any part or all of their property cannot lawfully be condemned to promote Appellees' future private development of Lot # 2 or to enhance the future value of Appellees' property.

Upon review, we conclude that the Trial Court erred in denying Appellants' appeal from the board of view's determination. Although Appellees argue that they are entitled to viable access to their property even if it requires traversing Appellant's land, Appellees are seeking what is tantamount to a private taking for a private purpose for profit. Appellees' argument that they lack viable access is applicable only were they, at some future time, to subdivide their property into three lots. The rationale set forth by our Superior Court in *Application of Little*, 180 Pa.Super. 555, 119 A.2d 587, 589 (1956) is relevant to the present matter wherein the Superior Court stated:

This legislation, allowing the appropriation of private property for private use is at the very least in the nature of eminent domain legislation and must therefore be strictly construed. Statutory Construction Act, Act of May 28, 1937, P.L. 1019, Art. IV., § 58, 46 P.S. § 558(4); In re Lance's Appeal, 55 Pa. 16, 26. The word necessity, the key to this entire Act must likewise be given a strict interpretation.

While the Act does not require an absolute necessity, such as being completely landlocked, the mere inconvenience in the use of an existing road is not enough. Pocopson Road, 16 Pa. 15, 17. The existing road must be of a limited privilege, Stewart's Private Road, 38 Pa.Super. 339, 342, or "extremely difficult and burdensome" in its use, . . . to warrant the appropriation of another more convenient course. In

---

**2.** Appellate review of a trial court's decision regarding a board of view's opening of a private road is limited to ascertaining the validity of the court's jurisdiction, the regularity of the proceedings, questions of law and whether there has been a abuse of discretion. *In re Private Road in East Rockhill Township,* 165 Pa.Cmwlth. 240, 645 A.2d 313, *petition for allowance of appeal denied,* 539 Pa. 698, 653 A.2d 1235 (1994).

585

short, the Act is said to require the "strictest necessity." ... It seems so basic as to require no extended discussion that the necessity be a present one. Contemplated necessities, grounded as they are in but a present opinion of what the future will require, are the weakest kind of material upon which to build a determination that would compel the taking of one man's land for the use of another and, admittedly, the present roadway which gives to appellant access to Route 19 is adequate for the present use and enjoyment of her land. She [Appellant] frankly admits that she does not want to go to the expense of laying out her subdivision until assured of this road over appellees' land. However, this does not supply the strict necessity required by the Act and would not justify the viewers in ordering appellees to give up their land *now* to provide access for a *contemplated* use of the land by appellant.

The above rationale set forth in *Little* is applicable to the present matter, in which Appellees intend, in the future, to subdivide Lot #2 for residential development purposes, and would then need to meet Shrewsbury Township requirements for a private drive. It is significant that Appellees were able to farm part of Lot #2 until 1993 without crossing Appellants' property or utilizing an existing access easement. Unarguably, Appellees here are asking for the *present* right to create a private road over Appellants' property for Appellees' *contemplated,* future residential development of Lot #2, and as such does not meet the standard of "strict necessity" required by law. In this regard, the Trial Court erred in denying Appellants' appeal from the board of view's decision.

Accordingly, based upon the foregoing discussion, the Trial Court's order denying Appellants' appeal from the determination of the board of view is reversed.

Senior Judge McCLOSKEY dissents.

### *ORDER*

AND NOW, this 2nd day of January 2008, the order of the Court of Common Pleas of York County denying the appeal filed by Appellants from the determination of the board of view dated October 24, 2003, in the above-captioned matter is reversed.