J-S78014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL E. PLOWS AND BERNADETTE PLOWS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS ROLES AND JESSICA M. ROLES | : | |
| | : | No. 631 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment Entered March 24, 2017
In the Court of Common Pleas of Cambria County Civil Division at No(s):
2014-1109

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 22, 2018**

Appellants, Dennis Roles and Jessica M. Roles, appeal from the judgment entered on March 24, 2017, following a bench trial wherein the trial court granted Michael E. Plows and Bernadette Plows (hereinafter "the Plows") the right to install a sewer line through a right-of-way that traverses Appellants' property.  Upon review, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

> This case involves a dispute between adjoining landowners. [The Plows] purchased a property with an address of 664 Headricks Road, Johnstown, PA 15909 on September 27, 2000. The Plows' deed for their property includes a 14[-]foot right-of-way that traverses [Appellants'] property.  In 2002, the Plows began to experience problems with their septic tank and eventually, after trying several remedial measures, they applied to have municipal water installed through the Jackson/East

_____
* Retired Senior Judge assigned to the Superior Court.

Taylor Township Sewer Authority. [Appellants] purchased the adjoining property in 2010. At some point thereafter, animosity between the two neighbors developed. Particularly, Mrs. Plows testified that Mr. Roles during several occasions verbally attacked her with profanity laden insults.

The Plows also submitted into evidence several pictures of what they described as [Appellants'] attempts to block their use of the right-of-way with barriers and vehicles. A retired contractor, Jack Houston, testified that he and his son measured the distance between the municipal sewer lines and the Plows['] residence. The distance was within one hundred fifty (150) feet, meaning the Plows are required to tap into the municipal system.

On March 13, 2014, the Plows filed a complaint in equity seeking to enjoin [Appellants] from interfering or obstructing the Plows' usage of the right-of-way, enjoin [Appellants] from harassing them in any manner, order that the Plows are permitted to install a new sewer line through the right-of-way, order that the Plows are permitted to have a temporary easement in addition to the current right-of-way to install the sewer line, retain jurisdiction to enforce the order and any appropriate relief. On November 5, 2014, the Plows filed a petition for special injunction/permanent injunction asking for a rule to show cause why the relief requested in regards to the sewer pipe should not be granted pending the outcome of the matter on the merits. On November 12, 2014, the [trial] court scheduled a status conference in this matter for November 26, 2014. On November 26, 2014, this conference was continued to January 21, 2015 at the request of the Plows' attorney. On December 23, 2014, [Appellants] filed a response to the Plows' complaint and petition in the nature of preliminary objections. Argument on the preliminary objections was scheduled for February 16, 2015 and a non-jury trial was set for March 4, 2015.

On February 13, 2015, the Plows filed a response to [Appellants'] preliminary objections. On February 25, 2015, the [trial] court overruled [Appellants'] preliminary objections. On April 2, 2015, [Appellants] filed an answer with new matter. On May 8, 2015, the Plows filed an answer to [Appellants'] new matter. On May 1, 2015, a non-jury trial was held to conclusion with the parties submitting post-trial legal memoranda. On June 8, 2015, the [trial] court rendered its verdict and granted [the

Plows] the right to install the sewer line through the right-of-way upon certain conditions. On June 12, 2015, [Appellants] filed a motion for post-trial relief and a request for a transcript. For reasons unknown to the [trial] court, this motion was never argued before the [trial] court or scheduled for motions court as per Cambria County local practice. There was no docket activity until July 15, 2016, when the Plows filed a petition to enforce court order. Argument on this petition was scheduled for September 28, 2016 and at this point the [trial] court also became aware, for the first time, that the post-trial relief requested by [Appellants] had not been heard nor decided. On July 18, 2016 the [trial] court entered an order denying the post-trial relief requested by [Appellants]. On August 2, 2016, [Appellants] filed a notice of appeal. On August 9, 2016[,] the [trial] court ordered [Appellants] to file a concise statement of [errors] complained of on appeal. On August 18, 2016, [Appellants] complied and filed their concise statement. On September 14, 2016, [this] Court quashed the appeal *sua sponte* because no judgment had been entered on the [trial] court's verdict. On March 16, 2017, counsel for [Appellants] filed a motion to withdraw as counsel and on March 27, 2017, the motion was granted[.] On March 24, 2017, counsel for the Plows filed a praecipe for final judgment and judgment was entered of record for the Plows. On April 24, 2017, [Appellants] filed a notice of appeal and on May 8, 2017 complied with the [trial] court's order to file a concise statement of [errors] complained of on appeal. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 10, 2017.]

Trial Court Opinion, 5/10/2017, at 1-4 (superfluous capitalization, record citations, and footnote omitted).

On appeal, Appellants present the following issues for our review:

I.    Did the [trial c]ourt err in granting an injunction where the grant constituted an unlawful expansion of an unambiguous and express easement for a road right-of-way?

II.   Did the [trial c]ourt err in granting the injunction where no evidence of necessity was presented?

III. Does the grant of the expansion of an easement without compensation constitute an unlawful taking for private purposes and without compensation?

Appellants' Brief at 1.

All of Appellants' issues are interrelated, so we will examine them together. In their first issue presented, Appellants argue that the easement at issue unambiguously granted the Plows a right-of-way for ingress and egress only. Thus, they argue that the trial court's award of an injunction "effectively allows the Plows to expand[] its use for a sewer line [and] further infringes upon [Appellants'] property rights [which] may not be expanded beyond the original grant." *Id.* at 2-3. Appellants attempt to distinguish the three cases relied upon by the trial court in rendering its decision – *Dowgiel v. Reid*, 59 A.2d 115 (Pa. 1948), *Pope v. Muth*, 481 A.2d 355 (Pa. Super. 1984), and *PARC Holdings, Inc. v. Killiam*, 785 A.2d 106 (Pa. Super. 2001). *Id.* at 4-6. Appellants also challenge the Plows' position that the expansion of the easement was a necessity. *Id.* at 6. More specifically, Appellants contend that there was no evidence that the adjoining properties were once unified in title or that the claimed necessity for a sewer line existed at the time of the severance of title. *Id.* Finally, Appellants argue that the trial court's action represented an expansion or further encumbrance upon their property constituting an unconstitutional taking pursuant to eminent domain. *Id.* at 7.

Our standard and scope of review are as follows:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are

supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, as the issue herein centers on the interpretation of an easement, which like any contract concerns a question of law, our scope of review is plenary.

\* \* \*

The law on the interpretation of easements is clear. A right of way is an easement, which may be created by an express grant. To ascertain the nature of the easement created by an express grant we determine the intention of the parties ascertained from the language of the instrument. Such intention is determined by a fair interpretation and construction of the grant and may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made.

Ambiguous words are construed in favor of the grantee. Where a deed or agreement or reservation therein is obscure or ambiguous, the intention of the parties is to be ascertained in each instance not only from the language of the entire written instrument in question, but also from a consideration of the subject matter and of the surrounding circumstances.

***Amerikohl Mining Co., Inc. v. Peoples Natural Gas Co.***, 860 A.2d 547, 549–550 (Pa. Super. 2004) (internal citations and quotations omitted).

Our Court was confronted with a factual scenario similar to the case *sub judice* in ***PARC Holdings, Inc. v. Killian***, 785 A.2d 106, 112 (Pa. Super. 2001). At issue there was the interpretation of an express easement for a right-of-way and whether its use "was specifically limited by the terms 'ingress and egress' to merely pedestrian or vehicular access" or whether it

could be used for the installation of utilities through the easement. **PARC Holdings**, 785 A.2d at 109. Citing our Supreme Court's decision in **Dowgiel**,[1] **supra**, we determined that Pennsylvania has adopted the rule that where a right of way is granted or reserved without limit of use, it may be used for any purpose to which the land accommodated thereby may naturally and reasonably be devoted. **Id.** at 113. We looked at the plain language of the easement in **PARC Holdings** and concluded that the right-of-way was ambiguous because the language did not specify a limited purpose for access, such as "for the purpose of maintaining a water system" or "for pedestrian or vehicular travel only." **Id.** at 112. The **PARC Holdings** Court ultimately recognized that it was proper to install utilities that naturally and reasonably may be accommodated by an easement. **Id.**

Here, the easement at issue provides, in pertinent part, "Together with the right of ingress and egress over, through, and upon a certain 14 foot easement for a road right of way running over through and upon land" (as described more particularly). Complaint in Equity, 3/13/2014, at Exhibit A. Upon review, the easement does not have a limited purpose and, thus, is

_____

[1] In **Dowgiel**, our Supreme Court concluded that the grant of a right-of-way for a private road included the right to construct and install electricity lines across the easement as "a reasonable and natural use of the private road for the purpose for which it was created, to wit, to enable the owners and occupants of the premises to which the road is appurtenant to obtain something which is essential to the livableness of the home, to wit, electricity[.]" **Dowgiel**, 59 A.2d at 121.

ambiguous. After conducting an in-person view of the properties and hearing testimony, the trial court "credit[ed] the evidence offered by [the Plows] as to the difficulties experienced with the on-site septic system and the fact that connecting into the municipal sanitary sewer system would make the residence 'liveable' [as set forth in **Dowgiel**]." Trial Court Opinion, 5/10/2017, at 7 (footnote incorporated). As such, the trial court granted the Plows relief to install sewer lines through the easement with appropriate notice to Appellants and upon the condition that the Plows bear responsibility for returning the right-of-way to its preconstruction condition. Upon review of the facts of this case, together with applicable law, we discern no abuse of discretion or error of law in the trial court's determinations. With no limitations on the use of the easement for ingress or egress, it was proper to allow the installation of sewer lines to make the Plows' property liveable. Moreover, because the express easement provided the Plows with the right to place a sewage line, there was no need to show an easement by necessity. Finally, there was no unconstitutional taking, expansion, or other encumbrance on Appellants' property, since the existing easement allowed for the installation of sewage lines. As such, Appellants are not entitled to relief and all three of their issues are without merit.

Judgment affirmed.

Judgment Entered.

- 7 -

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date:  <u>1/22/2018</u>